UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARLENE JULIE SIMPSON,<br><br>    Plaintiff,<br><br>  v.<br><br>NINA MARIA ALVES, RICHARD E. JARRATT, JR., and DOES 1–25, inclusive,<br><br>    Defendants. | No. C 23-05728 WHA<br><br>**ORDER GRANTING MOTION TO REMAND** |

In this dispute over the Jarratt Family Trust and its property, plaintiff Darlene Julie Simpson moves to remand the action back to Alameda County Superior Court (Dkt. No. 5). According to plaintiff, removal of this action was improper on the merits given that no federal question exists on the face of the complaint, the minimum amount in controversy is not satisfied, and the forum-defendant rule applies. Moreover, according to plaintiff, removal of this action was procedurally improper because removing defendant Nina Maria Alves failed to join all defendants.

Defendant Alves, representing herself *pro se*, counters that plaintiff caused the removal of over a million dollars' worth of gold, silver, furs, diamonds, and other precious stones and jewels from the Jarratt family home, and that plaintiff obstructed justice by hiring agents who took those items and forced defendants to be removed from the home without notice or due process (Dkt. No. 12). Since submitting her opposition, defendant Alves has provided several

1  supplemental filings, including one with an attached order from the probate court that
2  suspended plaintiff as acting trustee (Dkt. No. 20 at 5–6; *see also* Dkt. Nos. 18, 22).
3  According to defendant Alves, plaintiff now lacks standing to move this district court to
4  remand, so this district court should hear a forthcoming cross-complaint for violations of
5  defendants' constitutionally protected civil rights (Dkt. No. 20 at 2–3).

6  It may (or may not) be true that plaintiff now lacks standing to bring her claims and that
7  defendants' rights have been violated, but those will be questions for the state court with
8  jurisdiction over the matter. This order follows full briefing and oral argument. For the
9  following reasons, the motion to remand is **GRANTED**.

10  A defendant may remove an action based on federal-question jurisdiction or diversity
11  jurisdiction. 28 U.S.C. § 1441. That is because the district court has subject-matter
12  jurisdiction to hear "all civil actions arising under the Constitution, laws, or treaties of the
13  United States," as well as those where there is complete diversity of citizenship and the amount
14  in controversy exceeds $75,000. *Id*. §§ 1331–32. "If at any time before final judgment it
15  appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id*.
16  § 1447(c).

17  Starting with federal-question jurisdiction, plaintiff's complaint contains two claims
18  under California state law for trespass and conversion (Dkt. No. 1 at 17–22). Although
19  defendant Alves's filings refer to constitutional violations and a forthcoming cross-complaint
20  based on those constitutional violations, that alone cannot create federal-question jurisdiction.
21  "[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal
22  defense." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). Note that applies even if
23  plaintiff lacks standing to bring her claims and "even if both parties concede that the federal
24  defense is the only question truly at issue." *Ibid*.

25  Turning to diversity jurisdiction, even if the amount in controversy is greater than
26  $75,000, it remains the case that this action "may not be removed if any of the parties in
27  interest properly joined and served as defendants is a citizen of the State in which such action
28  is brought." 28 U.S.C. § 1441(b)(2). As explained by our court of appeals, the "'forum

defendant' rule 'reflects the belief that [federal] diversity jurisdiction is unnecessary because there is less reason to fear state court prejudice against the defendants if one or more of them is from the forum state,'" so "the presence of a local defendant at the time removal is sought bars removal." *Spencer v. U.S. Dist. Ct. for N. Dist. of Ca.*, 393 F.3d 867, 870 (9th Cir. 2004) (quoting Erwin Chemerinsky, Federal Jurisdiction § 5.5, at 345 (4th ed. 2003), and citing 28 U.S.C. § 1441(b)). Here, it is undisputed that defendant Alves (and defendant Richard E. Jarratt, Jr., for that matter,) is a resident of California such that the forum-defendant rule applies. This too ties the Court's hands.

Finally, removal here was procedurally improper. "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The notice of removal reflects that defendant Alves did not obtain the joinder of defendant Jarratt in November 2023 (Dkt. No. 1 at 1–16), and the docket reflects that she likewise did not obtain his consent to removal in the months that have since passed.

Accordingly, for the foregoing reasons, plaintiff's motion to remand is **GRANTED**.

**IT IS SO ORDERED.**

Dated: February 15, 2024.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3